■ VINCENT PARISI et al., Appellants, v ARTHUR G. DEVOE et al., Respondents.—Order, Supreme Court, New York County (Eve Preminger, J.), entered February 1, 1989, which, *inter alia,* denied plaintiffs' motion seeking to vacate a default judgment dismissing the complaint, unanimously affirmed, without costs and without disbursements.

The IAS court did not abuse its discretion in denying plaintiffs' motion seeking to vacate the default judgment and the underlying medical malpractice action arising as a result of corneal transplant surgery performed upon plaintiff Vincent Parisi by defendant Dr. Arthur G. DeVoe, an ophthalmologist at defendant Columbia Presbyterian Medical Center, on December 3, 1981.

The claim by plaintiffs' attorney that he did not receive the defendants' 90-day notices, motions to dismiss and resulting orders, and that he eventually learned of the default by undertaking a belated review of the court's file on November 21, 1988, did not establish an excusable default. Under the circumstances presented herein, counsel's conduct, in failing to advise defendants that he was moving his office or making appropriate arrangements for forwarding papers served at his prior addresses, made service impossible.

Equally devoid of merit is plaintiffs' attempt to excuse their failure to prosecute the underlying action for more than three years by reason of their attorney's alleged "disability" to pursue the action during the pendency of defendants' motion to dismiss pursuant to Judiciary Law § 470, requiring an attorney who resides in an adjoining State to have an office in the State of New York in order to practice law in New York. Specifically, by service of a bill of particulars upon the defendants and by entering into stipulations for adjournments of defense motions filed, plaintiffs implicitly treated the issue of counsel's ability to practice law in New York as having been resolved. Concur—Sullivan, J. P., Carro, Milonas, Asch and Rubin, JJ.